**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JASON PECK,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. |
| v. | : | |
| | : | |
| **GRAPHIC PACKAGING** | : | |
| **INTERNATIONAL, LLC,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

<u>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**</u>

PLEASE TAKE NOTICE THAT Defendant Graphic Packaging International, LLC ("GPI" or "Defendant"), removes this action from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio, Eastern Division. This removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1332, 1441(a) and 1446. In support of the removal of this action, Defendant alleges as follows:

1.      On or about August 20, 2019, Plaintiff Jason Peck ("Peck" or "Plaintiff") filed a Complaint ("Complaint") in the Cuyahoga County Court of Common Pleas against Defendant captioned *Jason Peck v. Graphic Packaging, International, LLC*, Case No. CV-19-920112 ("State Court Action"). A true and correct copy of the Summons and Complaint are attached as Exhibit A to the Declaration of Jennifer B. Orr ("Orr Decl."), attached here as **Exhibit 1**.

2.      On or about August 29, 2019, the Summons and Complaint were served on Defendant GPI. (*See* Orr Decl,, Exhibit A).

3.      Defendant consents to the removal of this action to federal court. However, in filing this notice of removal, Defendant does not waive and reserves all rights and defenses that it may have to assert, including, but not limited to improper service.

4.      Aside from the Complaint, no other pleadings have been filed by Plaintiff in the State Court action, nor have there been any pleadings filed by Defendants in the State Court action. (*See* Orr Decl. at Exhibit B**,** Docket of State Court Action). Furthermore, to the best of Defendant's knowledge, no other proceedings have been conducted or scheduled in the State Court Action. Accordingly, by attaching the Complaint to this Notice of Removal, the requirements of 28 U.S.C. §1446(a) have been met. In addition, this Notice of Removal is being filed within the 30-day time period required under 28 U.S.C. §1446(b).

5.      Pursuant to 28 U.S.C. § 1441(a), venue of this action exists in this District Court because the Cuyahoga County Court of Common Pleas is located within the Northern District of Ohio, Eastern Division.

6.      This is an action of a civil nature in which the district courts of the United States have been given original jurisdiction in that the action arises under the laws of the United States and it invokes the federal question jurisdiction of this Court as provided in 28 U.S.C. §§1331 and 1441(a).  More specifically, Plaintiff's Complaint alleges Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*[1]

---

[1] In his Complaint, Plaintiff alleges that he was terminated without just cause. (Complaint ¶ 5).  It is unclear whether or not Plaintiff is asserting a claim that his discharge is without just cause (in addition to his FMLA claims).  To the extent Plaintiff is, such claims are subject to the grievance and arbitration provisions set forth in the Collective Bargaining Agreement applicable to Plaintiff's employment and should be dismissed.   Defendant hereby reserves its right to request that such a claim be dismissed upon confirmation from Plaintiff that he is, indeed, pursuing such claim.

7.      Plaintiff claims that "[t]he termination of the Plaintiff amounts to an intentional, retaliatory, discriminatory and malicious violation of 29 U.S.C. § 2615(a)(1) and/or 29 U.S.C. §2615(a)(2)." (Complaint ¶ 15).

8.      Thus, on its face, Plaintiff's Complaint asserts claims under the laws of the United States (namely, Title VII of the Civil Rights Act). As a result, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331.

9.      Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

10.     In addition, this civil action is one over which this Court has original jurisdiction and may be removed to this Court pursuant to 28 U.S.C. § 1332 and 1441(b), on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

11.     Plaintiff is a citizen of the State of Ohio. Plaintiff resides in Lorain County, Ohio. (See Complaint ¶ 1).

12.     Defendant Graphic Packaging International, LLC is now, and was at the time this action commenced, a citizen of a state other than the State of Ohio within the meaning of 28 U.S.C. § 1332(a). Indeed, Defendant GPI, is now, and was at all material times in this action, a limited liability company organized under the laws of the State of Delaware, with its corporate headquarters and principal place of business located in Atlanta, Georgia.  None of GPI's members are residents of the State of Ohio and none of GPI's members have their principal place of business located in the State of Ohio.  (**Exhibit 2**, Declaration of Jewelle Johnson, "Johnson Decl.," ¶¶ 3-5).

13. Thus, for purposes of diversity jurisdiction, Defendant GPI is not a citizen of Ohio. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

14. Based on the foregoing, there is complete diversity of citizenship because Plaintiff and Defendant are citizens of different states.

15. Further, the Amount in Controversy in this action exceeds $75,000.

16. In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. §1332(a), a court must consider the aggregate value of claims for compensatory and punitive damages. See, e.g., *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d. Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of rights being litigated") (internal citations omitted). Further, a court must also consider a plaintiff's request for attorney's fees when evaluating the amount in controversy. See *Shupe v. Asplundh Tree Expert Co.*, Case No. 13-5747, 2014 U.S. App. LEXIS 9668, *10 (6th Cir. 2014) (finding that attorney's fees are considered when determining the amount in controversy).

17. In his Complaint, Plaintiff alleges a claim against Defendant for FMLA retaliation.

18. In his Complaint, Plaintiff requests compensatory and monetary damages to compensate him for the loss of valuable employment income and opportunity, as well as humiliation and insult. (Complaint ¶ 16). Plaintiff also seeks remedies provided under the FMLA (Complaint, prayer for relief), which could include liquidated damages in an amount equal to any alleged lost wages damages. *See* 29 U.S.C. §2617(a)(1)(A)(iii).

19.     Moreover, Plaintiff earned $26 per hour at the time of his termination.  (Compl. ¶ 3).  If trial were held two years from January 11, 2019 (the date Plaintiff's employment was terminated) (Complaint ¶ 5), assuming a 40 hour a week schedule, Plaintiff's potential damages for back pay would be approximately $108,160 (though Defendant denies all liability and denies that Plaintiff is entitled to any economic or any other damages).

20.     Finally, in addition to other unspecified damages, Plaintiff requests attorneys' fees and costs. (Complaint, Prayer for Relief). Although Defendant denies that Plaintiff is entitled to attorneys' fees (or any other damages or relief), if successful, Plaintiff's request for attorneys' fees could push the amount in controversy even further over the jurisdictional minimum. To illustrate, in *Davis v. Kindred Nursing Ctrs. E., L.L.C.*, Case No. 2:05-CV-1128, 2006 U.S. Dist. LEXIS 11425 (S.D. Ohio 2006), a single plaintiff discrimination case, the court found that the inclusion of potential attorneys' fees (along with potential punitive damages) established that the amount in controversy exceeded $75,000 where the plaintiff's annual compensation was between $10,000 and $15,000. See also *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (holding that "the request for attorneys' fees properly placed this case within the purview of federal jurisdiction"). Moreover, attorneys' fees alone could meet the jurisdictional amount in controversy if this case proceeds through trial. See *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual plaintiff discrimination cases often exceed the award of damages).

21.     Taking Plaintiff's compensatory and liquidated damages claims together with his request for attorney's fees, this is the type of case wherein the amount in controversy routinely exceeds $75,000, so that Defendant may remove this action notwithstanding Plaintiff's failure to precisely state an amount of damages exceeding the requisite amount in controversy. *See*

*Kennard v. Harris Corp.*, 728 F. Supp. 453, 454 (E.D. Mich. 1989); *Turner v. Wilson Foods Corp.,* 711 F. Supp. 624, 626 (N.D. Ga. 1989); *Pakledinaz v. Consolidated Rail Corp.,* 737 F.Supp. 47, 48 (E.D. Mich. 1990); and *Marin v. Granite City Steel Corp.*, 596 F. Supp. 293, 296-97 (S.D. Ill. 1984) ("This final total must appear to a 'legal certainty' to be less than the jurisdictional amount to justify remand. 1A *Moore's Federal Practice* para. 0.157[6].").

22.     Therefore, the requirements of 28 U.S.C. §1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this action is a civil action between citizens of different states. Because Plaintiff's claims exceed the jurisdictional minimum and there is complete diversity of citizenship, Defendant has properly removed the State Court Action to this Court.

23.     As required by 28 U.S.C. §1446(d), Defendant has provided written notice of the filing of this Notice of Removal to Michael T. Conway, counsel of record for Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk for the Cuyahoga County Court of Common Pleas. A copy of Defendant's Notice of Filing Notice of Removal of Civil Action to United States District Court is attached hereto. (*See* Exhibit C to Orr Decl.).

WHEREFORE, pursuant to 28 U.S.C. §§1331, 1332, 1441, and 1446, Defendant removes this case from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio.

Respectfully submitted,


/s/ *Jennifer B. Orr*

James P. Smith (0073945)
Jennifer B. Orr (0084145)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH  44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
jpsmith@littler.com
jorr@littler.com

Attorneys for Defendant
Graphic Packaging International, Inc.

7

## CERTIFICATE OF SERVICE

I hereby certify that, on September 23, 2019, a copy of the foregoing *Notice of Removal of Civil Action to Federal Court* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. I further hereby certify that a true copy of the foregoing *Notice of Removal of Civil Action to Federal Court* was served upon Counsel for Plaintiff:  Michael T. Conway, Michael T. Conway and Company, 346 Sandlewood Drive, Brunswick, OH 44212, Xray2Alpha@aol.com, via email delivery on this 23rd day of September, 2019.

*/s/ Jennifer B. Orr*
Jennifer B. Orr

One of the Attorneys for Defendant
Graphic Packaging International, Inc.

4813-8703-2998.1 080953.1065

8